WILLIS B. SAYRE, Respondent, *v.* THE STATE OF NEW YORK, Appellant. .

*Court of Appeals, June 25, 1891.*

*Interest. Award.*—An award of the board of claims, which is simply modified on appeal to the court of appeals by increasing its amount, bears interest from the same date as the original award.

Appeal from an award of the board of claims.

*Chas. F. Tabor,* attorney-general for appellant.

*Gabriel L. Smith,* for respondent.

PER CURIAM.—The original award in this case was $3,000, and it was made March 9, 1886. Upon appeal from that award to this court, we modified it by increasing it to $8,136, and affirmed it as thus modified, with costs. The *remittitur* from this court was sent down to the board of claims, and thereupon the board made new findings of fact and of law, and awarded to the claimant $10,657.55, which was made up of the $8,136, the interest thereon to the date of the award and the costs of the prior appeal. The attorney-general filed exceptions to this award, and then brought this appeal therefrom to this court.

The practice since the *remittitur* was sent down from this court, has been quite irregular. Upon the prior appeal, we simply modified the prior award by increasing it. We made no other alteration, not even changing the date. The effect of our decision was, that the $8,136 should stand in the place of the $3,000 as of the same date. There was the same award simply increased. The modified award would bear

interest from the same date as the original award. If the claimant would have been entitled to interest upon the original award, he becomes entitled to interest upon the modified award from the same date. Upon the prior *remittitur* from this court, the prior award, without altering its date, must be increased to $8,136, and the claimant must have his costs of that appeal, and if then the financial officers of the state refuse to pay interest upon the award from its date, the claimant must take his remedy by *mandamus*, or by filing a new claim with the board of claims for his interest. The question of interest will doubtless be disposed of in the same way as is usual with other awards made by the board of claims. That question is not before us now, and we make no determination in reference thereto.

The award appealed from must be reversed, with costs of appeal to be paid by the claimant.

All concur, except FINCH, J., absent.